1

2

3

4

5

6                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
7                                     AT SEATTLE

8     GAVIN H.,

9                                  Plaintiff,              CASE NO. C19-6100-MAT

10          v.
                                                          ORDER RE: SOCIAL SECURITY
11    ANDREW M. SAUL,                                     DISABILITY APPEAL
      Commissioner of Social Security,
12
                                   Defendant.
13

14          Plaintiff proceeds through counsel in his appeal of a final decision of the Commissioner of

15    the Social Security Administration (Commissioner).   The Commissioner found that Plaintiff's

16    disability ceased on September 1, 2016, and that he had not become disabled again after that date,

17    after a hearing before an Administrative Law Judge (ALJ).  Having considered the ALJ's decision,

18    the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

19                          **FACTS AND PROCEDURAL HISTORY**

20          Plaintiff was born on XXXX, 1998.[1]  He is currently enrolled in high school and has never

21    worked.  (AR 50.)

22
      _____

23          [1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

      ORDER RE: SOCIAL SECURITY
      DISABILITY APPEAL
      PAGE - 1

Plaintiff previously received supplemental security income based on disability as a child, and the Commissioner found that Plaintiff's disability ended on September 1, 2016.  (AR 108.)  Plaintiff appealed that finding, which was upheld by a disability hearing officer upon reconsideration.  (AR 152-68.)  Plaintiff timely requested a hearing before an ALJ.  (AR 173-78.)

On August 17, 2018, ALJ Lawrence Lee held a hearing, taking testimony from Plaintiff, Plaintiff's mother, and a vocational expert (VE).  (AR 43-107.)  On October 9, 2018, the ALJ issued a decision finding that Plaintiff's disability ended on September 1, 2016, and that he had not become disabled again since that date.  (AR 17-27.)  Plaintiff timely appealed.  The Appeals Council denied Plaintiff's request for review on September 12, 2019 (AR 1-6), making the ALJ's decision the final decision of the Commissioner.  Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).  At step one, it must be determined whether the claimant is gainfully employed.  This step is not used for redetermining eligibility in adults, and thus the ALJ did not consider it in this case.  (AR 18 (citing 20 C.F.R. § 416.987(b)).)  At step two, it must be determined whether a claimant suffers from a severe impairment.  The ALJ found that since Plaintiff's disability ceased, his autism spectrum disorder and attention deficit hyperactivity disorder (ADH) were severe impairments.  (AR 19.)  Step three asks whether a claimant's impairments meet or equal a listed impairment.  The ALJ found that since Plaintiff's disability ceased, his impairments did not meet or equal the criteria of a listed

1    impairment. (AR 19-20.)

2         If a claimant's impairments do not meet or equal a listing, the Commissioner must assess

3    residual functional capacity (RFC) and determine at step four whether the claimant has

4    demonstrated an inability to perform past relevant work.  The ALJ found that since his disability

5    ceased, Plaintiff had been capable of performing a full range of work at all exertional levels, with

6    the following nonexertional limitations: he can perform simple, routine tasks.  He can have

7    occasional interaction with supervisors and the public, and can have frequent interaction with co-

8    workers.  His off-task time can be accommodated by normal breaks.  (AR 20-21.)

9         Because Plaintiff has no past relevant work, the ALJ proceeded to step five where the

10   burden shifts to the Commissioner to demonstrate that the claimant retains the capacity to make

11   an adjustment to work that exists in significant levels in the national economy.  With the assistance

12   of the VE, the ALJ found that since his disability ceased, Plaintiff was capable of transitioning to

13   other representative occupations, such as cleaner II, landscape laborer, and field crop harvest

14   worker.  (AR 26-27.)

15        This Court's review of the ALJ's decision is limited to whether the decision is in

16   accordance with the law and the findings supported by substantial evidence in the record as a

17   whole.  *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).  Substantial evidence means more

18   than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable

19   mind might accept as adequate to support a conclusion.  *Magallanes v. Bowen*, 881 F.2d 747, 750

20   (9th Cir. 1989).  If there is more than one rational interpretation, one of which supports the ALJ's

21   decision, the Court must uphold that decision.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir.

22   2002).

23        Plaintiff argues the ALJ erred in (1) discounting his subjective symptom testimony, (2)

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 3

1   assessing certain medical opinion evidence, and (3) discounting lay evidence.[2]  The Commissioner

2   argues that the ALJ's decision is supported by substantial evidence and should be affirmed.

3                                   Subjective symptom testimony

4        The ALJ discounted Plaintiff's subjective testimony because (1) his allegations are

5   inconsistent with the treatment record, (2) his activities demonstrate that he is quite functional and

6   capable of performing unskilled work, and (3) the record suggests that he is unemployed for

7   reasons other than his impairments.  (AR 21-24.)  Plaintiff argues that these reasons are not clear

8   and convincing, as required in the Ninth Circuit.  *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th

9   Cir. 2014).

10       The ALJ's discussion of Plaintiff's activities is not a clear and convincing reason to

11  discount his allegations because the ALJ failed to explain how Plaintiff's activities contradict his

12  allegations or demonstrate the existence of transferable work skills.  *See Orn v. Astrue,* 495 F.3d

13  625, 639 (9th Cir. 2007) (activities may undermine credibility where they (1) contradict the

14  claimant's testimony or (2) "meet the threshold for transferable work skills").  The ALJ's finding

15  that Plaintiff's activities suggest that he would be capable of "handl[ing] the mental pressures and

16  responsibilities of unskilled work" is not sufficiently specific and does not account for the

17  differences between Plaintiff's ability to function at home as opposed to a workplace.

18       This error is harmless, however, because the ALJ's other reasons amply support his

19  discounting of Plaintiff's limitations.  *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d

20  at 1155, 1162-63 (9th Cir. 2008).  The ALJ pointed out several inconsistencies between Plaintiff's

21  allegations and his medical record, such as mental status examinations consistent with the ability

22

23          [2] Plaintiff also assigns error to the ALJ's RFC assessment and step-five findings, but in doing so only
    reiterates arguments made elsewhere.  Dkt. 18 at 14-15.  Thus, these issues need not be addressed separately.

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 4

to perform unskilled work as well as evidence that Plaintiff did not take any medication for his conditions. (AR 23.) The ALJ also found that the record suggests that Plaintiff's attendance issues (rather than his mental health conditions) led to his struggle to graduate from high school, and that he is unemployed for reasons other than his impairments. (AR 23-24.)

Plaintiff challenges the ALJ's finding regarding his failure to take medication, asserting that the ALJ failed to consider that his mother indicated that he stopped taking a medication called Concerta due to digestive side effects. Dkt. 18 at 6 (citing AR 99). But the record also contains evidence that Plaintiff told his providers that he simply preferred not to take medication, without reference to adverse side effects (AR 717), and there are also references to Plaintiff's prior use of medication without explanation of the reasons for stopping. (AR 38, 660.) In the context of the ALJ's summary of Plaintiff's limited mental health treatment (AR 22-23), the ALJ's finding that Plaintiff did not take any medication for his conditions supports the ALJ's conclusion that Plaintiff's limitations were not as severe as he alleged. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (ALJ permissibly inferred that the claimant's pain was not as disabling as alleged "in light of the fact that he did not seek an aggressive treatment program and did not seek an alternative or more-tailored treatment program after he stopped taking an effective medication due to mild side effects").

Plaintiff also challenges the ALJ's finding that his attendance is the primary barrier to Plaintiff's high school graduation, arguing that the evidence cited does not support the ALJ's conclusion that Plaintiff's conditions are not as limiting as he alleges. Dkt. 18 at 7. But the ALJ did cite evidence suggesting that Plaintiff's teachers believed he could graduate if he would simply attend school (AR 533, 677-78, 694), and Plaintiff himself suggested the same at the administrative hearing. (*See* AR 70-71, 79-80, 93.) Plaintiff told a therapist that he did not want to graduate from

high school because he did not want to end his school routine, and testified at the hearing that he did not think he could work and go to school at the same time.  (AR 76-77, 747.)  Thus, there is substantial evidence in the record to support the ALJ's conclusion that Plaintiff's failure to graduate from high school and/or work was not primarily due to his impairments.

Plaintiff goes on to challenge the ALJ's findings that Plaintiff's mental status examinations demonstrate that he could perform unskilled work, because his barrier to work is not cognitive capacity but whether he can reliably perform work tasks without special accommodations.  Dkt. 18 at 6.  The consultative examiners did not find, however, that Plaintiff was more than mildly impaired in his ability to maintain attendance or complete a normal workday/workweek, which supports the ALJ's interpretation of the evidence.  (*See* AR 41-42, 663.)

Lastly, Plaintiff challenges the ALJ's reliance of evidence of his ability to socialize with fellow students and providers as evidence undermining the existence of disabling social limitations, arguing that the ability to interact with co-workers and supervisors is different.  Dkt. 18 at 6-7.  But the consultative examiners did not opine that Plaintiff would be more moderately limited in the workplace (AR 663), and, as explained *infra*, this opinion is consistent with the ALJ's RFC assessment.

For all of these reasons, although Plaintiff may interpret the record to suggest that he is more limited than found by the ALJ, he has not shown that the ALJ's findings are unreasonable and/or not supported by substantial evidence.  The Court therefore affirms the ALJ's findings regarding Plaintiff's subjective allegations.

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 6

Medical evidence[3]

Philip Gibson, Ph.D., performed a psychological examination of Plaintiff in September 2016 and wrote a narrative report describing Plaintiff's symptoms and limitations.  (AR 660-63.) The ALJ gave great weight to Dr. Gibson's opinion, but Plaintiff contends that the ALJ did not fully account for all of the limitations Dr. Gibson identified in the RFC assessment.  Dkt. 18 at 3.

Plaintiff does not identify any particular limitation that the ALJ failed to accommodate in the RFC assessment.  Dkt. 18 at 3.  Dr. Gibson's "functional assessment" section reads:

> The claimant has a limited ability to reason and understand, limited by being broadly concrete.  He has adaptation skills.  His remote, recent, and immediate memory are all intact.  Sustained concentration and persistence were not adequate on the brief concentration tasks of this evaluation but are adequate when the claimant is engaged in the activities such as reading or playing video games.  The claimant describes difficultly following through on tasks in his own environment. The claimant describes significant interpersonal challenges in his personal life as the result of his mood and behavior.  His ability to interact with coworkers and the public is likely moderately impaired.  His ability to maintain regular work attendance in a work place is mildly impaired.  His ability to complete a normal work day or work week is mildly impaired.  His ability to deal with the usual stress encountered in the work place is mildly impaired.

(AR 663.)  These conclusions are reasonably consistent with the ALJ's RFC assessment, which limits Plaintiff to performing simple, routine tasks with occasional interaction with supervisors and the public and frequent interaction with co-workers.  (AR 20-21.)  In fact, the State agency consultant gave great weight to Dr. Gibson's opinion and identified restrictions consistent with the ALJ's RFC assessment.  (AR 116-18.)  Because Plaintiff's opening brief does not identify any inconsistency between Dr. Gibson's opinion and the ALJ's RFC assessment, Plaintiff has failed to

---

[3] Plaintiff's opening brief contains a section summarizing certain medical findings (Dkt. 18 at 3-4), but fails to identify any particular legal error associated with that evidence.  This order will address only the specific errors alleged by Plaintiff.

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 7

1   establish error in the ALJ's assessment of Dr. Gibson's opinion.

2          In his reply brief, Plaintiff focuses on Dr. Gibson's opinion regarding his social abilities,

3   arguing that the ALJ's restriction to frequent co-worker interaction is not fully consistent with Dr.

4   Gibson's opinion that Plaintiff "likely" had moderate limitations in his ability to interact with co-

5   workers.  Dkt. 20 at 3.  The wording of Dr. Gibson's opinion is equivocal and thus does not state

6   with certainty that Plaintiff has moderate limitations in his ability to interact with co-workers, but

7   even if Dr. Gibson had clearly so opined, Plaintiff has not shown that a moderate limitation in the

8   ability to interact with co-workers is not reasonably consistent with a restriction to frequent

9   interaction.  The State agency consultant credited Dr. Gibson's opinion and found Plaintiff to be

10  capable of "appropriate superficial interaction" with co-workers.  (AR 117.)  The VE testified that

11  the three jobs relied upon at step five are "basically solitary jobs[,]" although they may be

12  performed in proximity to co-workers.  (AR 104.)

13         Accordingly, even if Plaintiff's arguments improperly raised for the first time on reply are

14  considered, Plaintiff has failed to show harmful legal error in the ALJ's assessment of Dr. Gibson's

15  opinion.  By crafting an RFC assessment consistent with Dr. Gibson's opinion, and a State agency

16  opinion crediting Dr. Gibson's opinion, the ALJ adequately accounted for Dr. Gibson's opinion.

17  *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1173-74 (9th Cir. 2008).

18                                    <u>Lay evidence</u>

19         Plaintiff's mother, Kristina Wood, testified at the administrative hearing and completed a

20  third-party statement, and his grandfather, Randy McDaniel, also completed a questionnaire.  (AR

21  94-99, 297-317.)  The ALJ summarized the testimony of Ms. Wood and Mr. McDaniel, and found

22  their statements to be inconsistent with Plaintiff's household activities and social activities.  (AR

23  24.)

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 8

Plaintiff argues that the ALJ failed to identify any actual inconsistency between the lay statements and the evidence, and thus the ALJ's reasons to discount the statements of Ms. Wood and Mr. McDaniel are not germane, as required in the Ninth Circuit. Dkt. 18 at 13-14; *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993) ("If the ALJ wishes to discount the testimony of the lay witnesses, he must give reasons that are germane to each witness.").

Plaintiff's argument is not persuasive. Plaintiff testified that he managed multiple responsibilities at home, including caring for his pregnant mother by making her food and bringing her beverages and completing household chores, and yet the lay witnesses described Plaintiff as unable to complete his chores. (*Compare* AR 51-55, 78-79, 81-83 *with* AR 95-96, 303, 315.) The ALJ's identification of a specific inconsistency between Plaintiff's self-described activities and the statements of Ms. Wood and Mr. McDaniel is a germane reason to discount the lay statements. *See Carmickle*, 533 F.3d at 1164.

The record also contains a questionnaire completed by Plaintiff's math teacher, Terry Arnold. (AR 344-52.) Ms. Arnold wrote, *inter alia*, that Plaintiff had missed approximately half of his classes, and opined that if he would attend class he would be able to progress at an appropriate rate. (AR 345.) The ALJ found the entirety of Ms. Arnold's questionnaire to be consistent with the record and Plaintiff's self-report, and assigned it great weight. (AR 25.)

Plaintiff argues that Ms. Arnold's questionnaire does not establish that he can sustain competitive employment. Dkt. 18 at 14. But the ALJ did not cite Ms. Arnold's questionnaire as evidence that Plaintiff can work; he cited it as supporting the conclusion that Plaintiff would be able to graduate if he attended school regularly. (AR 25.) Thus, Plaintiff has not shown error in the ALJ's assessment of Ms. Arnold's questionnaire.

Because Plaintiff has failed to establish that the ALJ erred in his assessment of the

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 9

1  statements of Ms. Wood, Mr. McDaniel, or Ms. Arnold, the Court affirms the ALJ's assessment

2  of the lay evidence.

3  **CONCLUSION**

4      For the reasons set forth above, this matter is AFFIRMED.

5      DATED this <u>7th</u> day of October, 2020.

7  Mary Alice Theiler
8  United States Magistrate Judge

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 10